[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiffs have appealed from the action of the Defendant Board of Tax Review in setting the fair market value of their land at 0000 Kitts Lane, Newington, Conn., at $246,210.00, as of Oct. 1, 1991, thereby establishing the assessed value of $172,350.00 (70% of $246,210.00).
Testifying for the Plaintiffs was one of the Plaintiffs, Sophie Zapatka; David Ziaks, a civil engineer; and Eric R. Sjostrom, a real estate appraiser. The Plaintiffs introduced into evidence a deed of property which encompassed the subject property, David Ziak's report dated July 29, 1992, and Eric R. Sjostrom's Real Estate Appraisal Report dated March 29, 1993.
The Defendant called as witnesses Anthony J. Homicki, who is the Newington Tax Assessor; and Robert J. Kennedy, Jr., a CT Page 7443 real estate appraiser. The Defendant introduced into evidence a contour map of the subject property, part of the Newington Zoning Regulations, and Robert J. Kennedy Jr.'s appraisal report dated July 21, 1993.
Mr. Ziaks testified that he was retained to investigate the development feasibility of the land, and to accomplish this, personally inspected the property, reviewed various documents, and analyzed available pertinent information.
His conclusion, as stated in his report, was that "development of this property . . . is severely restricted and would be limited to a small area in the westerly portion of the site."
On cross-examination, he stated that at least one-half of the site is buildable.
Eric R. Sjostrom testified that, based on the market approach, on October 1, 1991, the property had a fair market value of $132,500.00.
Anthony Homicki, Newington Tax Assessor, did the assessment on this property, and based on his review of material facts such as intense activity and high occupation rate on the Silas Deane Highway in this area, the volume of traffic on Kitts Lane, and the extension of Kitts Lane to Griswoldville Road, he and the revaluation team retained by the Town, established a preliminary review evaluation of $378,800.00. After further review before the signing of the Grand List in Jan. 1992, the assessor reduced the fair market value by $100,000 to $278,800.00, which was further reduced by the Board of Tax Review to $246,220.00.
The Defendant's appraiser testified that based on comparable sales, the property had a fair market value of $344,000.00.
This property had no water or sanitary service; the Plaintiffs' engineer stated that the nearest water main is about 500 feet away and the nearest sanitary service about 800 feet away.
There is no retail activity on Kitts Lane East of the Silas Deane Highway. CT Page 7444
Plaintiffs' appraiser testified that the highest and best use of the property is industrial; Defendant's appraiser said the highest and best use is commercial business use as permitted by zone.
Both appraisers offered testimony in addition to comparable sales, to buttress their opinion of fair market value.
Amidst this welter of evidence, the Court sees little illumination. Lacking any divine inspiration, and resisting the temptation to reach a Solomon-like solution of dividing the baby in half, the Court must weigh all the evidence and evaluate the credibility of the various witnesses. In so doing, I find it puzzling that the Town reduced the fair market value fixed by the reevaluation team by about 26% before the Grand List was signed. This raises a question of the reliability of the Assessor's evaluation. The Court is also struck by the tremendous difference between the market value opinions of the two appraisers; $132,000.00 and $344,000.00.
The Court finds that as of October 1, 1991, the subject property had a fair market value of $220,000.00, and therefore orders that the assessed value be reduced to $154,000.
The Plaintiffs are awarded $750.00 costs.
Richard A. Walsh, J.